**Bruce L. AMICO, Petitioners— Appellants,**

v.

**Edward S. ALAMEIDA, Jr., Respondent—Appellee.**

No. 03–57033.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 2005.

Decided Feb. 11, 2005.

John Lanahan, Esq., San Diego, CA, for Petitioner–Appellant.

Lilia E. Garcia, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: O'SCANNLAIN and CLIFTON, Circuit Judges, and WEINER, District Judge.*

MEMORANDUM **

Petitioner–Appellant Bruce L. Amico appeals the denial of his petition for writ of habeas corpus. Amico requests an evidentiary hearing on the second ground raised in his petition and, through his supplemental brief, has moved to expand the Certificate of Appealability ("COA") to include the first ground.

■ 1. We construe the COA to encompass Amico's challenge to the denial of an evidentiary hearing. *See United States v. Howard,* 381 F.3d 873, 877 n. 3 (9th Cir.2004). An evidentiary hearing is not required if the issues can be resolved by reference to the state record. *Totten v. Merkle,* 137 F.3d 1172, 1176 (9th Cir.1998). Here, the district court had the benefit of a complete record of the state proceedings, and Amico has not explained why an evidentiary hearing was necessary to sup-

plement that record or what additional evidence he would have presented. *See Griffin v. Johnson,* 350 F.3d 956, 966 (9th Cir.2003) (holding that an evidentiary hearing was not necessary); *Gandarela v. Johnson,* 286 F.3d 1080, 1087–88 (9th Cir. 2001) (same). Hence, the district court did not abuse its discretion in resolving the petition without first conducting an evidentiary hearing. *See Karis v. Calderon,* 283 F.3d 1117, 1126–27 (9th Cir.2002) (stating the applicable standard of review). Amico's other arguments are equally without merit.

■ 2. Under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in evaluating an ineffective assistance of counsel claim, "The court must ... determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* In this case, Amico's counsel could have reasonably rejected raising on appeal the juror bias issue in favor of raising only certain other issues that he believed had a stronger likelihood of success. *See Jones v. Barns,* 463 U.S. 745, 751–753, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Thus, under *Strickland,* the state court's assessment of appellate counsel's performance was not contrary to or an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d).

■ 3. The circumstances leading to Amico's sentence and his Eighth Amendment claims are not materially distinguishable from the underlying facts and arguments raised and rejected in *Ewing v. California,* 538 U.S. 11, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) and *Lockyer v. An-*

---

\* The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*drade,* 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). Accordingly, we decline to expand the COA to encompass his Eighth Amendment claims. *See* 28 U.S.C. § 2253(c)(2).

AFFIRMED.